**Vincent MILLER, an individual, Plaintiff—Appellant,**

v.

**John MACKALL, an individual; et al., Defendants—Appellees.**

No. 07–56855.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2009.*

Filed May 13, 2009.

William Rehwald, Esq., Rehwald Rameson Lewis & Glasner, Woodland Hills, CA, for Plaintiff–Appellant.

Jonathan B. Cole, Esq., Nemecek & Cole, Sherman Oaks, CA, for Defendants–Appellees.

Before: HALL, RYMER and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Vincent Miller appeals the district court's grant of summary judgment in favor of John Mackall in this diversity action alleging legal malpractice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Miller's legal malpractice claim against the preparer of his aunt and uncle's will fails as a matter of law because he was not listed as an intended beneficiary of the estate in the dispositive testamentary instruments and therefore was owed no duty of care. *See Chang v. Lederman,* 172 Cal.App.4th 67, 86, 90 Cal.Rptr.3d 758 (Ct. App.2009) ("Because Chang's allegation she was the intended beneficiary of the entirety of Schumert's estate is not based on an express bequest in an executed will or trust, Schumert owed her no duty of care."); *see also In re Estate of Dye,* 92 Cal.App.4th 966, 976, 112 Cal.Rptr.2d 362 (Ct.App.2001) ("Courts discern testamentary intent by applying a will's terms and the applicable law, ... not by discerning the *unexpressed* wishes of decedents."). Miller's various counter-arguments do not

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

overcome the fact that he has failed to show he was owed a duty of care, an essential element of a legal malpractice claim under California law. *See Lombardo v. Huysentruyt,* 91 Cal.App.4th 656, 665, 110 Cal.Rptr.2d 691 (Ct.App.2001) (listing the elements of a legal malpractice claim); *Ventura County Humane Soc'y v. Holloway,* 40 Cal.App.3d 897, 902, 115 Cal.Rptr. 464 (Ct.App.1974) ("[A]bsence of, or failure to prove, any of [the elements] is fatal to recovery. This applies especially to the all important element of duty.").

**AFFIRMED.**